Daniel Valles (SBN 269137)
Kayla M. Rathjen (SBN 330046)
**VALLES LAW, P.C**
4104 Highland Avenue
Manhattan Beach, CA 90266
Telephone:    (415) 234-0065
Facsimile:    (510) 369-2075

Attorneys for Plaintiff
MATT SEIBERT, ON BEHALF OF HIMSELF,
AND ALL OTHERS SIMILARLY SITUATED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT SEIBERT, an individual, on behalf of himself, and all others similarly situated;<br><br>        Plaintiff,<br><br>  vs.<br><br>SS&C TECHNOLOGIES, INC., a Delaware corporation, and INTRALINKS, INC., a Delaware corporation, inclusive;<br><br><br>        Defendants. | Case No.  3:23-cv-00279-WHO<br><br>**CLASS AND REPRESENTATIVE ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1.  **FAILURE TO PAY OVERTIME (WAGE ORDER 4-2001 AND LABOR CODE §§510 AND 1198)**<br><br>2.  **FAILURE TO PROVIDE MEAL BREAKS (WAGE ORDER 4-2001, §11 AND LABOR CODE §§512 AND 226.7)**<br><br>3.  **FAILURE TO PROVIDE REST BREAKS (WAGE ORDER 4-2001, §12 AND LABOR CODE §226.7)**<br><br>4.  **FAILURE TO PAY MINIMUM WAGES (WAGE ORDER 4-2001 AND LABOR CODE §§1194, 1197 and 1182.12)**<br><br>5.  **FAILURE TO TIMELY PAY WAGES (LABOR CODE §§204 AND 210)**<br><br>6.  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (LABOR CODE §226)**<br><br>7.  **FAILURE TO PAY ALL WAGES EARNED UPON DISCHARGE (LABOR CODE §§201, 202 AND 203)** |

8. **UNREIMBURSED BUSINESS EXPENSES (LABOR CODE §§2800 AND 2802)**

9. **FAILURE TO PROVIDE TIMELY ACCESS TO EMPLOYMENT RECORDS (LABOR CODE §1198.5)**

10. **UNLAWFUL BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE §17200)**

11. **CIVIL PENALTIES PURSUANT TO LABOR CODE PRIVATE ATTORNEY GENERAL ACT (LABOR CODE §2699, *ET. SEQ.*)**

**DEMAND FOR JURY TRIAL**

Plaintiff Matt Seibert ("**Seibert**" or "**Plaintiff**"), on behalf of himself, and all others similarly situated, hereby alleges the following Complaint against Intralinks, Inc. ("**Intralinks**"), SS&C Technologies, Inc. ("**SS&C**") and DOES 1 through 50 (collectively with Intralinks and SS&C as "**Defendants**") as follows:

## THE PARTIES

1. Seibert is and at all times relevant hereto was a resident of the State of California, County of Oakland.

2. During his tenure with Defendants, Seibert was employed by and performed services for Defendants in both the County of San Francisco and out of his home office in the County of Alameda.

3. Plaintiff is informed and believes that Defendant Intralinks is presently a Delaware Corporation headquartered in New York, New York and that it does business in and employs individuals in the County of San Francisco as well as employed individuals, including Seibert, in the County of San Francisco as well as from their home offices in various other counties in California.

4. Intralinks maintains a California office located at 580 California Street, 2nd Floor in San Francisco, California.

5. Plaintiff is informed and believes that Defendant SS&C is presently a Delaware

Corporation headquartered in Windsor, Connecticut and that it does business in and employs individuals in the County of San Francisco as well as employed individuals, including Seibert, in the County of San Francisco as well as from their home offices in various other counties in California.

6.     SS&C maintains a California office located at 580 California Street, Suite 200 in San Francisco, California.

7.     SS&C acquired Intralinks in or around November of 2018 and is the parent company of Intralinks.

8.     SS&C operates as Plaintiff's as well as all other Intralinks' employees' joint employer, including holding itself out as such on all of their paystubs.

9.     Defendants were Plaintiff's and the Class Members' employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and the Labor Code, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

10.     The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.  Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff and the Class Members as alleged hereinafter.

11.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

12.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to

commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff and the Class Members' harm.

13.    Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

14.    The monetary value of Plaintiff's claim exceeds $25,000.

15.    The amount in controversy herein is within the jurisdiction of this Court.

16.    The acts, omissions, damages, and injury that form the basis of this lawsuit were sustained, at least in part, in the County of San Francisco.

17.    Defendants maintain offices in the County of San Francisco as well as qualified to do business in California and regularly conduct business in San Francisco County, California.

18.    This Court is the proper Court, and this action is properly filed in the County of San Francisco pursuant to Code of Civil Procedure §395 because Defendants maintain offices in the County of San Francisco, at least some of Defendants' obligations and liability arise in the County of San Francisco, and because at least some of the work that is the subject of this action was performed by Seibert and some of the Class Members in the County of San Francisco.

## ALTER EGO, AGENCY, AND JOINT EMPLOYER

19.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

20.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants,

including, but not limited to because:

    a.    Defendants are completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

    b.    DOES 1-50 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

    c.    Plaintiff is informed and believes that Defendants and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

    d.    Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

    e.    Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

21.    Accordingly, Defendants constitute the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

22.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

**FACTUAL ALLEGATIONS**

23.    Defendants have consistently maintained and enforced against Seibert and Class Members unlawful employment practices and policies which violate the Labor Code and IWC Wage Orders.

***Defendants Misclassify Their Sales Employees as Exempt from Overtime***

24.    Defendants' commissioned employees in the state of California ("**California Sales Employees**") are paid a set base salary plus commissions pursuant to Defendants' Incentive Compensation Plan (the "**Commission Plan**").

25.    Defendants classified and continue to classify their California Sales Employees as "exempt" employees.

26.    However, the California Sales Employees are not exempt from overtime, nor do they qualify for any exemption listed in Wage Order 4, which governs the California Sales Employees' employment with Defendants.

27.    California Sales Employees on target earnings ("**OTE**") are set such that less than fifty (50%) percent of their compensation is derived from commissions.

28.    California Sales Employees are assigned to work and do work from either their home office or Defendants' offices.

29.    California Sales Employees do not customarily or regularly travel outside of or away from their home office or Defendants' offices to make sales nor do they spend more than fifty percent (50%) of their time away from their home office or Defendants' offices since California Sales Employees conduct all sales activity via telephone or other remote platform (e.g., Zoom, etc.) from their home office or Defendants' offices.

30.    As a result of the foregoing, California Sales Employees do not qualify as exempt outside sales employees under Wage Order 4.

31.    Wage Order 4 requires that, in order for California Sales Employees, who do not qualify under the outside salesperson exemption, to be exempt from overtime (i.e., inside sales

employees), more than half of their compensation must be commissions (i.e., greater than 50%). Additionally, the commission compensation component of the exemption must be satisfied in each workweek and paid in each pay period for the exemption to apply. *See Peabody v. Time Warner Cable, Inc.*, 59 Cal.4th 662 (2014). This is commonly referred to as the "Inside Salesperson Exemption."

32. Defendants pay California Sales Employees, including Seibert, less than 50% of their total compensation in commissions.

33. Furthermore, Commissions do not make up more than half of the California Sales Employees' compensation during all of their pay periods either.

34. As such, the California Sales Employees do not qualify for the Inside Salesperson Exemption.

35. Seibert, like other California Sales Employees, was misclassified as exempt. Specifically, Seibert did not receive more than 50% of his compensation as commission during his employment. In fact, Siebert's offer letter specifically states that his base salary would be $120,000 per year while his OTE commission earnings would be $110,000. As such, Seibert's commissions did not even amount to 50% of his total compensation for his entire year much less all of his pay periods. Thus, Seibert, like other California Sales Employees, was misclassified as an exempt employee.

***Defendants Fail to Provide Meal and Rest Breaks to Their Sales Employees***

36. Regardless of the classification of the California Sales Employees (either as exempt or non-exempt), Defendants were still obligated to comply with California's meal and rest break laws pursuant to Wage Order 4.

37. Defendants do not have a written, actively enforced policy of providing meal breaks and/or rest periods to their California Sales Employees.

38. In fact, California Sales Employees' schedules regularly prevent them from being able to take an uninterrupted thirty (30) minute lunch break as well as prevent them from being permitted to take their ten (10) minute rest breaks. Moreover, California Sales Employees often work straight through their shift without a single rest break.

39.    Specifically, California Sales Employees are regularly prevented from taking an uninterrupted thirty (30) minute off duty lunch period before the end of their fifth hour of work or a second uninterrupted thirty (30) minute off duty lunch period before the end of their tenth hour of work as they often have to (i) attend work obligations (including, but not limited to, sales meetings, client issues, phone calls, emails, etc.) that interrupt their meal breaks, (ii) take less than thirty (30) minutes for their lunch breaks, (iii) take them after their fifth hour or tenth hour of work as appropriate, (iv) miss their meal breaks in their entirety, or are (v) prevented from leaving the premises for their meal breaks.

40.    Furthermore, the nature of the work performed by California Sales Employees prevent them from taking their ten (10) minute rest breaks and Defendants also intentionally do not schedule any breaks into California Sales Employees' workday.

41.    Additionally, California Sales Employees do not sign or execute any written agreement to take "on-duty" meal periods within the meaning of Wage Order 4-2001, §11, nor do they sign any agreements waiving their statutory meal periods.

42.    As a California Sales Employee, Seibert was subject to the aforementioned practices and regularly denied and prevented the ability to take his uninterrupted thirty (30) minute off duty lunch periods as required by law.  When Seibert did take his lunch breaks, he was often and routinely (i) interrupted for work matters, (ii) forced to work through his lunch breaks and miss his meal breaks in their entirety or take less than thirty (30) minutes, (iii) take his lunch periods after his fifth hour or tenth hour of work as appropriate, or (iv) prevented from leaving the premises for his meal breaks by his work obligations.

43.    Furthermore, Seibert was also required to work though his rest periods and regularly prevented from taking at least one ten (10) minute rest break for every four (4) hours or major fraction thereof worked.

44.    Additionally, Seibert never signed nor executed any written agreement with Defendants to take "on-duty" meal periods nor did he waive his statutory meal periods.

45.    Defendants have a pattern and practice of not timely paying meal and rest premiums to California Sales Employees to compensate for missed meal and rest breaks in violation of Labor

Code §204(a). In fact, Defendants have failed to pay California Sales Employees any meal and rest premiums at all for missed meal and rest breaks whatsoever, much less timely pay meal and rest premiums, in accordance with Labor Code §204(a).

46.     As stated above, Seibert was entitled to meal and rest period premiums during his employment with Defendants but was not timely paid with such meal and rest period premiums in accordance with and in violation of Labor Code §204(a). Moreover, Plaintiff, as a California Sales Employee, was subject to the aforementioned practices by Defendants and, as a result, was never paid for any meal and rest period premiums that he was owed much less timely in accordance with Labor Code §204(a).

### *Defendants Fail to Pay Overtime to Their Misclassified Sales Employees*

47.     As stated herein above, Defendants misclassified the California Sales Employees and has an express policy and practice of not paying California Sales Employees for their overtime or all hours worked by the California Sales Employees.

48.     California Sales Employees regularly worked and work in excess of forty (40) hours in a week and eight (8) hours in a day as well as seven (7) consecutive days in a week; however, they are not paid overtime for these hours in accordance with California law.

49.     As a California Sales Employee, Seibert was misclassified and regularly worked in excess of forty (40) hours in a week and eight (8) hours in a day as well as seven (7) consecutive days in a week; however, he was not paid overtime for these hours.

50.     Defendants have a pattern and practice of not timely paying overtime to California Sales Employees in accordance with and in violation of Labor Code §204(a). In fact, Defendants have failed to pay California Sales Employees any overtime wages whatsoever, much less timely wages, in accordance with Labor Code §204(a).

51.     As stated above, Seibert regularly worked overtime during his employment with Defendants, but was not timely paid his overtime in accordance with and in violation of Labor Code §204(a). Moreover, Plaintiff, as a California Sales Employee, was subject to the aforementioned practices by Defendants and, as a result, was never paid for the overtime that he worked much less timely in accordance with Labor Code §204(a).

///

### *Defendants Fails to Reimburse Their Employees for Their Business Expenses*

52.    Defendants have a policy and practice of providing no reimbursement to any of their California employees for their business use of their cell phone, home internet, or any other "work from home" expenses that they incur in the course and scope of their employment.

53.    Seibert, like other California employees, regularly used his cell phone for business purposes as well as worked from home and regularly used his home internet for business purposes but was never provided any compensation by Defendants for these expenses nor was he properly compensated for his other home office expenses, which includes, but is not limited to, the need for pens, paper, desk, chair, etc., to complete Defendants' necessary work.

### *Defendants Fail to Pay Non-Exempt Employees Sick Time*

54.    Defendants have a pattern and practice of not properly paying their non-exempt California employees for any sick time hours that they record in violation of Labor Code §246(l).

55.    In fact, Defendants fail to pay California employees with any sick time pay as required by Labor Code §246 much less take into account all of their non-exempt employee's compensation and earnings, including, but not limited to, earned commissions and bonuses, when calculating sick time pay as required by to Labor Code §246(l).

56.    Moreover, when California employees report their sick time to Defendants, Defendants do not record the sick time hours or pay California employees their required sick time pursuant to Labor Code §246(l) for the hours that they are sick.

57.    As such, Defendants deny non-exempt employees, including their California Sales Employees, their sick pay that they were entitled to receive for such sick time hours pursuant to and in accordance with Labor Code §246(l).

58.    Seibert, as a non-exempt California Sales Employee, was subject to the aforementioned practice.  Specifically, Seibert, on multiple occasions during his employment with Defendants, took off from work for sick leave purposes as well as reported his time off for sick leave purposes to Defendants.  However, Defendants did not provide Seibert with sick pay for such sick time hours in accordance with Labor Code §246(l), which denied Seibert the full amount of his wages

that he was entitled to and should have received for the sick hours that he took.

59.     Defendants also have a pattern and practice of not timely paying sick pay to California Sales Employees in violation of Labor Code §204(a).  In fact, Defendants have failed to pay California Sales Employees any paid sick leave whatsoever, much less timely paid sick leave, in accordance with Labor Code §204(a).

60.     As stated above, Seibert took time off of work for sick leave purposes on multiple occasions during his employment with Defendants, but, as a California Sales Employee, was subject to the aforementioned practice by Defendants. As a result, Seibert did not receive sick pay for the hours that he was out sick from work in accordance with California law much less timely in accordance with Labor Code §204(a).

### Defendants Fail to Comply with California's Commission Laws

61.     Defendants have a policy and practice of having their commission plans expire on or about December 31 of an applicable year, but then not entering into new commission plans agreements with their California Sales Employees until on or about the end of March or April of the following year.  Defendants then apply the new commission plans retroactively to commissions earned after the previous commission plan expired, but prior to the new commission plan being put into place.  As such, Defendants retroactively apply their new commission plan to commissions already earned prior to the new commission plan being put into place.

62.     As a California Sales Employee, Seibert was also subject to the aforementioned practice.  By way of example, Seibert's 2021 commission plan expired on or about December 31, 2021; however, Seibert was not presented with a new 2022 commission plan until March 20, 2022, and it was not executed by the parties until April 5, 2022.  Although, prior to the new commission plan being put into place on April 5, 2022, Seibert had earned commissions that Defendants applied the new commission plan retroactively to instead of the terms and conditions of the existing plan at the time as required by California Labor Code §2751(b).

### Defendants Do Not Timely Pay Their California Sales Employee's Wages

63.     Defendants have a pattern and practice of not timely paying commissions earned by California Sales Employees to them as Defendants often last day of the following month in violation

of Labor Code §204(a). In fact, Defendants often wait an additional pay period or longer to pay their California Sales Employees' commissions and, when Defendants do pay the owed commissions, it subsequently refers to them as "retroactive pay."

64. Furthermore, when a California Sales Employee leaves Defendants' employment, Defendants fail to pay the California Sales Employee all of their commissions at the time of their departure.

65. Seibert, as a California Sales Employee, was subject to the aforementioned practice and, as a result, he did not receive his earned commissions in accordance with California law and, instead, received commissions after the pay period in which they were due as "retroactive pay." Furthermore, upon his departure, Defendants failed and refused to pay Seibert for all of the commissions that were calculable and due to Seibert at that time.

### *Defendants Do Not Timely Pay Their Employee's Upon Their Separation of Employment*

66. Defendants have a pattern and practice of refusing to pay their California employees all of their earned wages immediately at the time of their separation of employment as required by Labor Code §§201 and 202. Rather Defendants, if they do pay the wages due to the former employees, will wait days, weeks, and sometimes months to pay their former California employees' earned wages to them.

67. Furthermore, when a California Sales Employee separates from Defendants, regardless of whether they are terminated by Defendants or they resign, Defendants refuse to pay the California Sales Employees with all of their earned commissions at the time of their departure, but rather, if Defendants decide to pay them at all, it does so well beyond the date of the California Sales Employees' departure even though such commissions are reasonably calculable at the time of the California Sales Employees' departure.

68. Seibert, as a California employee and California Sales Employee, was subject to the aforementioned practices and, as a result, he did not receive his earned wages on his separation date.

### *Defendants Fails to Provide Their Misclassified Sales Employees One Day of Rest in Seven*

69. The requirements of the California Sales Employees' jobs require them to often work on their days off and weekends such that they are often and regularly required to work seven straight

days.

70.     Seibert, like other California Sales Employees, was subject to these practices and would have to respond to emails or calls, fill out documentation, review deals, and complete other tasks on the weekends.  As a result, Seibert, like other California Sales Employees, was regularly forced to work seven consecutive days without a day off.

*Defendants Refuse to Timely Provide Employees with a Copy of Their Payroll Records*

71.     Defendants have a policy and practice of not permitting their employees to receive a copy of their payroll records within twenty-one (21) calendar days of making a request as required by Labor Code §226.

72.     Seibert, as an employee and former employee of Defendants, was subject to the aforementioned policy and practice.  On July 8, 2022, Seibert made a written request to Defendants for a copy of his payroll records pursuant to Labor Code §226.  However, Defendants failed to provide Seibert with his payroll records within the aforementioned twenty-one (21) day period after making his request.

*Defendants Refuse to Provide Employees with Written Notice of Employment-Related Matters upon Hiring or within Seven (7) Calendar Days after Making a Change to the Notice*

73.     Defendants have a policy and practice of not providing written notice to their employees of the employment-related information outlined in Labor Code §2810.5(a)(1).

74.     Seibert, as an employee and former employee of Defendants, was subject to the aforementioned policy and practice and never received written notice of the employment-related information outlined in Labor Code §2810.5(a)(1).  As a result, Defendants failed to comply with Labor Code §2810.5 by not providing him with written notice of the requisite information.

## CLASS ACTION ALLEGATIONS

75.     Plaintiff brings this action individually on behalf of himself and as a class action on behalf of a proposed Class defined as follows:

      i.     All persons employed by Defendants in the state of California at any time during the period from four years before the filing of the Complaint through the date of class certification whose compensation included commissions ("**Commissioned**

**Employee Class Members"**);

    ii.    All persons employed by Defendants in the state of California at any time during the period from four years before the filing of the Complaint through the date of final judgment who incurred expenditures or losses in direct consequence of the discharge of their duties, or of their obedience to Defendants' directions (**"Reimbursement Class Members"**);

    iii.    All persons employed by Defendants in the state of California at any time during the period from four years before the filing of the Complaint through the date of final judgment who performed any work from home or at a place other than Defendants' offices for any amount of time (**"Remote Employee Class Members"**); and

    iv.    All persons employed by Defendants in the state of California at any time during the period from four years before the filing of the Complaint through the date of final judgment who requested a copy of their payroll records and did not receive a copy within twenty-one (21) days of making their request (**"Payroll Access Class Members"**) and collectively herein with the Remote Employee Class Members, Reimbursement Class Members, and Commissioned Employee Class members as the "**Class**" or "**Class Members**")

76.    The Class is also comprised of the follow Subclasses:

    i.    Those members of the Commissioned Employee Class Members who are not or were not an "Outside Salesperson" as such term is defined in Wage Order 4 ("**Inside Sales Class Members**"); and

    ii.    Those members of the Class, including Subclasses, who separated from their employment with Defendants during the period from four years before the filing of the Complaint through the date of class certification ("**Former Employee Class Members**" and collectively with Inside Sales Class Members as the "**Subclasses**").

77.    Plaintiff reserves the right pursuant to California Rules of Court Rule 3.764 and

3.765, to amend or modify the respective definitions of the Class and/or Subclasses to provide greater specificity and/or further division into subclasses or limitation to particular issues.

78. This action is brought, and may properly be maintained, as a class action pursuant to California Code of Civil Procedure §382 because there is a well-defined community of interest in the litigation, and the proposed class is easily ascertainable. This action presents questions of common interest and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of this provision.

79. The Class Members are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

80. The Class Members, other than Seibert, are readily ascertainable by their job positions and duties, by their classification by Defendants, and from the books and records maintained by Defendants in their regular course of business.

81. There is a well-defined community of interest amongst the Class Members, as all of these individuals have resided and worked in California and have been similarly subjected to unlawful policies and/or practices herein.

82. Common questions of law and fact that affect the class predominate over questions that affect only individual Class Members, including, among other things:

  i. whether Defendants maintained a policy and/or practice whereby Inside Sales Class Members were improperly classified as exempt from overtime as opposed to non-exempt employees;

  ii. whether Defendants maintained a policy and/or practice of failing to pay Inside Sales Class Members the legally mandated minimum-wage for all hours worked;

  iii. whether Defendants maintained a policy and/or practice of failing to pay Inside Sales Class Members their legally mandated overtime in accordance with Labor Code §510 for all hours worked in excess of forty (40) hours in a week, eight (8) hours in a day, or on a seventh consecutive day of a workweek;

  iv. whether Defendants maintained a policy and/or practice of failing to pay

Commissioned Employee Class Members with all of their wages by paying their applicable sick leave at their base salary instead of their regular rate of pay or in accordance with applicable California law;

v.  whether Defendants maintained a policy and/or practice of failing to provide Inside Sales Class Members the meal periods to which they were entitled under California law;

vi.  whether Defendants maintained a policy and/or practice of failing to allow Inside Sales Class Members the rest periods to which they were entitled under California law;

vii.  whether Defendants maintained a policy and/or practice of failing to pay Inside Sales Class Members the additional hour of compensation owed to them under Labor Code section 226.7 for all shifts during which a mandated meal period was not provided;

viii.  whether Defendants maintained a policy and/or practice of failing to pay Inside Sales Class Members the additional hour of compensation owed to them under Labor Code section 226.7 for all shifts during which they were deprived a mandated rest period;

ix.  whether Defendants maintained a policy and/or practice of failing to maintain and furnish accurate, itemized wage statements to Inside Sales Class Members and Commissioned Employee Class Members in violation of Labor Code §226 and Wage Order 4;

x.  whether Defendants maintained a policy and/or practice of failing to properly reimburse all Reimbursement Class Members and Remote Employee Class Members for all of their necessary expenditures or losses incurred by the imbursement Class Members and Remote Employee Class Members in direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants;

xi.  whether Defendants maintained a policy and/or practice of failing to properly pay

the Commissioned Employee Class Members and Inside Sales Commission Members within the time limits prescribed by Labor Code section 204;

    xii.   whether Defendants maintained a policy and/or practice of failing to properly pay Former Employee Class Members within the time limits prescribed by Labor Code sections 201 and 202;

    xiii.   whether Defendants maintained a policy and/or practice of failing to properly provide the Payroll Access Class Members a copy of or access to their employee file within the time limits provided by Labor Code §226; and

    xiv.   whether Defendants violations of the Labor Code serve as predicate violations of Business and Professions Code §§17200 *et. seq.*

83. Common questions of law and/or fact predominate over questions that affect only individual Class Members. Plaintiff's claims are typical of those belonging to the members of the Class that Plaintiff seeks to represent, and Plaintiff can adequately represent the Class that he seeks to represent.

**FIRST CAUSE OF ACTION**

FAILURE TO PAY OVERTIME

(California Wage Order 4-2001 and California Labor Code §§510 and 1198)

(Against All Defendants)

84. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

85. Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

86. At all relevant times herein, California Labor Code §510 mandates Defendants compensate their non-exempt employees for their overtime at one and a half (1.5) times their *regular rate of* pay for the hours that they work each day in excess of eight (8) hours (up to twelve [12] hours)

or each week for the hours that they work in excess of forty (40) hours or for the first eight (8) hours worked on a seventh consecutive day of a workweek.

87. Additionally, California Labor Code §510 mandates that Defendants are also required to compensate their non-exempt employees at two times (2x) their *regular rate of pay* for the hours that they work each day in excess of twelve (12) hours or in excess of eight (8) hours worked on a seventh consecutive day of a workweek.

88. An employee's regular rate of pay is calculated by adding all remuneration for employment (i.e., all compensation and earnings), except statutory exclusions, in any workweek divided by the total hours worked by that employee in the workweek.

89. Wage Order 4-2001, §3 and Labor Code §§510 and 1198 make it unlawful to pay employees for overtime work at less than the applicable overtime rate.

90. Specifically, Labor Code §1198 prohibits, among other things, the employment of any employee for longer hours than those fixed by under conditions of labor prohibited the labor commission's wage order, which for Defendants' employees are listed in Wage Order 4-2001.

91. As articulated above, Defendants forced their Inside Sales Class Members, including Plaintiff, to work more than forty (40) hours a week without overtime pay and under conditions that violated Wage Order 4 and in violation of Labor Code §1198.

92. Inside Sales Class Members, including Plaintiff, worked overtime as defined by Wage Order 4-2001, §3 and Labor Code §510, including, but not limited to, working in excess of eight hours in one day, forty hours in each workweek and seven days in a workweek, without overtime pay and under conditions that violated Wage Order 4-2001 and Labor Code §1198.

93. Pursuant to Labor Code §558, Inside Sales Class Members, including Plaintiff, are entitled to recover for a civil penalty of $50.00 for the initial failure to compensate them at the statutory overtime rate for any work in excess of eight hours in one day or any work in excess of 40 hours in any workweek and/or failure to compensate Inside Sales Class Members, including Plaintiff, at the statutory double time rate for any work in excess of twelve hours in one day or any work in excess of 8 hours on the seventh day of a workweek in addition to any underpaid wages; and $100.00 for each subsequent failure to compensate Inside Sales Class Members, including Plaintiff, at the

statutory overtime rate for any work in excess of eight hours in one day or any work in excess of 40 hours in any workweek and/or failure to compensate Inside Sales Class Members, including Plaintiff, at the statutory double time rate for any work in excess of twelve hours in one day or any work in excess of 8 hours on the seventh day of a workweek in addition to any underpaid wages.

94.     Pursuant to Labor Code §1194, Inside Sales Class Members, including Plaintiff, are entitled to recover the full amount of the unpaid balance of wages, including interest thereon, along with attorney's fees and costs.

95.     As a direct and proximate result of Defendants' conduct in violation of Wage Order 4-2001, §3 and Labor Code §§510 and 1198, Inside Sales Class Members, including Plaintiff, have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in an amount according to proof at trial.

<u>**SECOND CAUSE OF ACTION**</u>

FAILURE TO PROVIDE MEAL BREAKS

(California Wage Order 4-2001, §11 and California Labor Code §§512 and 226.7)

(Against All Defendants)

96.     Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

97.     Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

98.     Wage Order 4-2001, §11 and Labor Code §512 provide that an employer "shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30

minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived." Furthermore, "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to."

99. Labor Code §226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

100. Additionally, Labor Code §226.7 requires employers to pay an additional one hour of pay at the employee's "regular rate of compensation" for each workday that the meal or rest or recovery period is not provided (also known as a Premium Payment). The Premium Payment must be made by the employer concurrently with the other wages due within the pay period when the break violation occurred.

101. The California Supreme Court has also determined that the term "*regular rate of compensation*" for the required Premium Payment is synonymous with the term the "regular rate of pay" for the purposes of calculating overtime. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal. 5th 858. As such, employers were and are required to pay meal, rest, or recovery period premiums at the same regular rate used for overtime calculations. *See Id.* The California Supreme Court also applied this standard retroactively to all previous payments *See Id.*

102. Regardless of the classification of the Inside Sales Class Members, including Plaintiff, (either as exempt or non-exempt), Defendants were still obligated to comply with California's meal break laws with respect to Inside Sales Class Members, including Plaintiff, pursuant to Wage Order 4-2001.

103. Inside Sales Class Members, including Plaintiff, did not sign or execute any written agreement with Defendants to take "on-duty" meal periods within the meaning of Wage Order 4-

2001, §11, nor did they sign any agreement waiving their statutory meal periods.

104.    As articulated herein above, Inside Sales Class Members, including Plaintiff, were denied their meal breaks as required by Wage Order 4-2001 §11 and Labor Code §512.

105.    Pursuant to Labor Code §226.7, Inside Sales Class Members, including Plaintiff, are entitled to recover from Defendants damages equal to their applicable hourly rate of pay times the total number of days worked during which they were not provided meal periods as well as interest thereon.

106.    Pursuant to California Labor Code §218.5, Inside Sales Class Members, including Plaintiff, are entitled to recover, and hereby seek recovery of, their attorneys' fees and costs.

<u>**THIRD CAUSE OF ACTION**</u>

FAILURE TO PROVIDE REST BREAKS

(California Wage Order 4-2001, §12 and California Labor Code §226.7)

(Against All Defendants)

107.    Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

108.    Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

109.    Pursuant to Wage Order 4-2001, §12 requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  […] Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

110.    Labor Code §226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

Health Standards Board, or the Division of Occupational Safety and Health."

111.    Additionally, Labor Code §226.7 requires employers to pay an additional one hour of pay at the employee's "regular rate of compensation" for each workday that the meal or rest or recovery period is not provided (also known as a Premium Payment). The Premium Payment must be made by the employer concurrently with the other wages due within the pay period when the break violation occurred.

112.    The California Supreme Court has also determined that the term "*regular rate of compensation*" for the required Premium Payment is synonymous with the term the "regular rate of pay" for the purposes of calculating overtime. *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal. 5th 858.  As such, employers were and are required to pay meal, rest, or recovery period premiums at the same regular rate used for overtime calculations. *See Id.*  The California Supreme Court also applied this standard retroactively to all previous payments  *See Id.*

113.    Regardless of the classification of the Inside Sales Class Members, including Plaintiff, (either as exempt or non-exempt), Defendants were still obligated to comply with California's rest break laws with respect to Inside Sales Class Members, including Plaintiff, pursuant to Wage Order 4-2001.

114.    As described herein above, Defendants had a pattern and practice of failing to provide Inside Sales Class Members, including Plaintiff, with a rest period of ten (10) consecutive minutes for each four (4) hour work period, or major fraction thereof.  All of this was done knowingly and intentionally in violation of Labor Code §§226.7 as well as IWC Wage Order 4-2001.

115.    Pursuant to Labor Code §226.7, Inside Sales Class Members, including Plaintiff, are entitled to recover from Defendants damages equal to their applicable hourly rate of pay times the total number of days worked during which they were not provided rest periods as well as interest thereon.

116.    Pursuant to California Labor Code §218.5, Inside Sales Class Members, including Plaintiff, are entitled to recover, and hereby seek recovery of, their attorneys' fees and costs.

///

///

**FOURTH CAUSE OF ACTION**

FAILURE TO PAY MINIMUM WAGES

(California Wage Order 4-2001 and California Labor Code §§1194, 1197 and 1182.12)

(Against All Defendants)

117. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

118. Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

119. At all times herein, Wage Order 4-2001 applied to Defendants' employment of the Class Members.

120. Wage Order 4-2001, §4 and Labor Code §§1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Specifically, Labor Code §1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

121. As stated herein, Inside Sales Class Members, including Plaintiff, worked straight time and overtime hours without any compensation for these hours worked from Defendants in violation of Wage Order 4-2001, §4 and California Labor Code §§1197 and 1182.12.

122. Pursuant to Labor Code §1194(a), Inside Sales Class Members, including Plaintiff, are entitled to recover the full amount of the unpaid balance of wages, including interest thereon, along with attorney's fees and costs.

123. Pursuant to Labor Code §1194.2(a), Inside Sales Class Members, including Plaintiff, are entitled to recover liquidated damages in an amount of wages unlawfully withheld and interest accrued thereon.

124. Pursuant to Labor Code §1197.1, Inside Sales Class Members, including Plaintiff, are

also entitled to recover a penalty of $100.00 for the first pay period that they were underpaid, and $250.00 for each subsequent pay period that they were underpaid.

125.    As a direct and proximate result of Defendants' conduct in violation of Wage Order 4-2001, §4 and California Labor Code §§1197 and 1182.12, Inside Sales Class Members, including Plaintiff, have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in an amount according to proof at trial.

126.    Pursuant to California Labor Code §218.5, Inside Sales Class Members, including Plaintiff, are entitled to recover, and hereby seek recovery of, their attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

FAILURE TO PAY WAGES

(California Labor Code §204)

(Against All Defendants)

127.    Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

128.    Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

129.    Labor Code §204 provides in part that "all wages […] earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular pay days."

130.    Labor Code §204 further provides that all wages earned by any employee between the 1st and 15th days of any calendar month must be paid by no later than the 26th day of the month during which the labor was performed, and all wages earned between the 16th and last day of the month must be paid by the 10th day of the following month.

131.    Labor Code §204(b) also requires an employer to pay all wages earned for labor in excess of the normal work period by no later than the payday for the next regular payroll period.

132.    Labor Code §246(l) requires an employer to pay its non-exempt employee's sick leave by using one of two calculations (i) In the same manner as their *regular rate of pay* for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek; or (ii) by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

133.    In violation of Labor Code §204, Defendants knowingly and willfully refused to pay and failed to perform Defendants' obligation to timely pay and compensate Commissioned Employee Class Members and Insides Sales Class Members, including Plaintiff, for the wages earned by them as outlined herein above, including, but not limited to, minimum wages, overtime wages, meal and rest period penalties, etc.

134.    Meal and rest period penalties are considered wages in California and subject to the same timing and reporting rules for other wages, including those of Labor Code §204. *See Naranjo v Spectrum Security Services, Inc.*, (2022) 13 Cal.5th 93.

135.    Defendants did not pay Commissioned Employee Class Members, including Plaintiff, for all of their hours worked, including at least at minimum wage, and, as such, have failed to timely pay Commissioned Employee Class Members, including Plaintiff, for those hours that were worked, but not paid timely in accordance with Labor Code §204(a). All wages, including minimum wages, were required to have been paid by Defendants by no later than the 26th of the calendar month for all wages, including, minimum wages, that were earned between the 1st and 15th days of any calendar month, and by the 10th of the following month for all wages, including minimum wages, there were earned between the 16th and last day of the month. However, Defendants have failed to pay all wages, including minimum wages, by these deadlines as articulated herein above. Thus, despite Commissioned Employee Class Members, including Plaintiff, earning such wages, including minimum wages, in a given pay period, Defendants failed (and have a pattern and practice of failing) to pay such wages, including minimum wages, for all hours worked timely by the 10th or 26th of the month following such wages, including minimum wages, being earned as required by Labor Code §204(a).

136.    Similarly, as articulated herein above, Defendants have a pattern and practice of failing

to pay sick pay timely in accordance with Labor Code §204(a) to Commissioned Employee Class Members, including Plaintiff. Despite earning sick time in a given pay period, Defendants failed to pay Commissioned Employee Class Members, including Plaintiff, for such sick time at all much less timely by the 10th or 26th of the month following the sick time being earned as required by Labor Code §204(a).

137. As articulated herein above, Defendants have a pattern and practice of failing to pay meal and rest period penalties on the correct pay dates in accordance with Labor Code §204(a) to Commissioned Employee Class Members, including Plaintiff. Despite meal and rest period penalties being earned in a given pay period, Defendants failed to pay Commissioned Employee Class Members, including Plaintiff, for such meal and rest period penalties timely by the 10th or 26th of the month following the meal and rest period penalties being earned as required by Labor Code §204(a).

138. As articulated above, in violation of Labor Code §204, Defendants knowingly and willfully refused to pay and failed to perform Defendants' obligation to compensate Commissioned Employee Class Members, including Plaintiff, for their commission wages earned by them and timely pay their wages as outlined herein above.

139. As a direct and proximate result of Defendants' conduct, Inside Sales Class Members and Commissioned Employee Class Members, including Plaintiff, have been damaged in an amount according to proof at trial, and seek all wages earned and due and interest thereon.

140. Pursuant to Labor Code §210, Inside Sales Class Members and Commissioned Employee Class Members, including Plaintiff, are entitled to recover a penalty of $100.00 for Defendants' initial failure to timely pay all of their wages earned, and $200.00 for each subsequent failure to timely pay all of their wages earned.

141. Additionally, pursuant to Labor Code §210, for each subsequent failure to pay in compliance with Labor Code §204, Inside Sales Class Members and Commissioned Employee Class Members, including Plaintiff, are entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

142. Pursuant to Labor Code §218.5, Inside Sales Class Members and Commissioned Employee Class Members, including Plaintiff, are also entitled to recover their reasonable attorneys'

fees and costs.

143.     As a direct and proximate result of Defendants' conduct in violation of Labor Code §204 as alleged above, Inside Sales Class Members and Commissioned Employee Class Members, including Plaintiff, have suffered, and will continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their damage in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(California Labor Code §226)

(Against All Defendants)

144.     Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

145.     Labor Code §226(a) requires an employer to provide its employees with accurate itemized wage statements in writing showing: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at the rate by the employee; (2) total number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and either an employee identification or the last four digits of the employee's social security number; and, (8) the name and address of the legal entity that is the employer.

146.     Meal and rest period penalties are considered wages in California and subject to the same timing and reporting rules for other wages, including inclusion on an employee's itemized wage statement under Labor Code §226. *Naranjo v Spectrum Security Services, Inc.*, (2022) 13 Cal.5th 93.

147.     Defendants failed to properly pay Inside Sales Class Members and Commissioned Employee Class, including Plaintiff, wages as articulated herein. Defendants, as a result of these violations, also failed to provide Inside Sales Class Members and Commissioned Employee Class, including Plaintiff, with accurate itemized wage statements as required by Labor Code § 226(a).

148.     As a result of Defendants' failure to provide accurate itemized wages statements, Inside Sales Class Members and Commissioned Employee Class, including Plaintiff, suffered actual damages and harm by being unable to determine their applicable pay rate and amounts due to them

for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

149. Defendants knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement provided to Inside Sales Class Members and Commissioned Employee Class, including Plaintiff.

150. Pursuant to Labor Code § 226.3(e), Inside Sales Class Members and Commissioned Employee Class, including Plaintiff, are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

151. Inside Sales Class Members and Commissioned Employee Class, including Plaintiff, are also entitled to an award of costs and reasonable attorneys' fees under Labor Code §226(h).

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES EARNED UPON DISCHARGE

(California Labor Code §§201, 202 and 203)

(Against All Defendants)

152. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

153. Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

154. For the avoidance of any doubt, meal and rest period penalties are considered wages in California and subject to the same timing and reporting rules for other wages, including payment at the time of separation from employment under California Labor Code §§201 and 202. *See Naranjo v Spectrum Security Services, Inc.*, (2022) 13 Cal.5th 93.

155. California Labor Code §§201 and 202 requires an employer to pay all wages

immediately at the time of separation of employment in the event the employer discharges an employee, or an employee provides at least 72 hours of notice of their intent to quit.

156. Labor Code §203 provides that an employer who fails to do so must pay a waiting time penalty of one day of an employee's wages for each calendar day thereafter that they remain unpaid, up to a maximum of thirty (30) days.

157. Waiting time penalties must be paid at the employee's daily wage rate, which is calculated by adding the employee's base wages, commissions, bonuses, and vacation pay that the employee earns in a year, dividing that sum by 52 weeks, and dividing that result by 40 hours. *Drumm v. Morningstar, Inc.* (N.D. Cal. 2010) 695 F.Supp.2d 1014, 1019. Furthermore, waiting time penalties must be paid as a penalty and without taxes or other withholdings taken out of the waiting time penalty.

158. Defendants have not paid Former Employee Class Members, including Plaintiff, for all of their wages due at the time of their separation as there are still wages outstanding as a result of Defendants' violations as articulated herein nor have Defendants provided them with all of the waiting time penalties that are required as a result of Defendants failure to pay all of their wages due.

159. As a result, and pursuant to Labor Code §203, Former Employee Class Members, including Plaintiff, are entitled to recover a "waiting time" penalty of one day of their wages for each calendar day that they remain unpaid, up to a maximum of thirty (30) days.

### **EIGHTH CAUSE OF ACTION**

UNREIMBURSED BUSINESS EXPENSES

(California Labor Code §§2800 and 2802)

(Against All Defendants)

160. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

161. Labor Code §2800 requires an employer to indemnify its employee for losses caused by the employer's want of ordinary care.

162. Labor Code §2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by employee in direct consequence of the discharger

of his or her duties."

163. California law prevents Defendants from passing on operating expenditures to their employees and must reimburse expenditures, such as cell phones, equipment, business travel, training, mileage, and other expenditures or losses incurred by their employees as a result of or in furtherance of their employment with Defendants (including, but not limited to, a portion of their home internet cost if they were working from home). *See Cochran v. Schwan's Home Services, Inc.* (2014) 228 Cal. App. 4th 1137, 1140.

164. Defendants have a pattern, practice, and policy of not indemnify or reimbursing Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, for all of their losses and expenditures either caused by Defendants or incurred by the Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, in direct consequence of the discharge of their duties, or of their obedience to Defendants' directions.

165. Remote Employee Class Members, including Plaintiff, are required to perform services at home, which means Defendants are obligated to cover a portion of their home internet costs as well as all of the equipment that they have to purchase to work from home.

166. Defendants have a policy and practice of providing no reimbursement to any of their Remote Employee Class Members, including Plaintiff, for their business use of their home internet, or any other "work from home" expenses that they incur in the course and scope of their employment.

167. As stated above, Defendants also do not properly reimburse Reimbursement Class Members, including Plaintiff, for their business use of their personal cell phone or any other losses or expenditures either caused by Defendants or incurred by the Reimbursement Class Members in direct consequence of the discharge of their duties, or of their obedience to Defendants' directions.

168. By requiring Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction or expectations, Defendants have violated Labor Code §§2800 and 2802 and Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, are entitled to reimbursement for these necessary expenditures plus interest.

169.    Pursuant to Labor Code §2802(c), Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, are entitled to recover their reasonable attorneys' fees and costs for prosecution of this action.

**NINTH CAUSE OF ACTION**

FAILURE TO PROVIDE TIMELY ACCESS TO PAYROLL RECORDS

(California Labor Code §226)

(Against All Defendants)

170.    Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

171.    Under Labor Code §226(c), Defendants are required to provide their employees with a copy of their payroll records within twenty-one (21) calendar days of making a request.

172.    Pursuant to Labor Code §226(f), an employer who fails to permit a current or former employee to receive a copy of their records within the aforementioned twenty-one (21) day period is entitled to recover a $750.00 penalty.

173.    As articulated herein above, Defendants have a policy and practice of not providing Payroll Access Class Members, including Plaintiff, with a copy of their payroll records within twenty-one (21) calendar days of making a request.

174.    As a direct result of Defendants' failure to provide Payroll Access Class Members, including Plaintiff, with a copy their payroll records within the twenty-one (21) day time period, each Payroll Access Class Members, including Plaintiff, are entitled to recover a seven hundred and fifty dollar ($750) penalty as well as reasonable attorneys' fees and costs, pursuant to statute.

**TENTH CAUSE OF ACTION**

UNLAWFUL BUSINESS PRACTICES

(California Business and Professions Code §17200)

(Against All Defendants)

175.    Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

176.    A violation of Business & Professions Code §17200, *et. seq.* may be predicated on the

violation of any state or federal law. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of Business & Professions Code §17200, *et. seq*.

177. As such, Plaintiff is informed, believes, and based thereon alleges, that the practices alleged herein constitute an unlawful, unfair, and/or fraudulent business practice, as set forth in Business & Professions Code §17200, *et. seq*.

178. Plaintiff is informed, believes, and based thereon alleges, that the practices alleged herein present a continuing threat to members of the public as Defendants have conducted and continue to conduct business activities while failing to comply with the legal mandates cited herein.

179. By way of example, Defendants' misclassification scheme allows Defendants to strip Plaintiff and Inside Sales Class Members of their fundamental employment rights, such as the right to minimum wage for all hours worked, mandated meal and rest periods, premium wages for missed meal and rest periods, itemized wage statements, and the prompt payment of full wages within time limits set by law, as provided under various provisions of the Labor Code and Wage Order 4-2001. With their unlawful scheme, Defendants are able to unjustly keep and appropriate for themselves significant amounts of money that otherwise should have been paid Plaintiff and Inside Sales Class Members as wages. Defendants continue with this misclassification scheme today in order to enrich themselves at the expense of the Inside Sales Class Members.

180. By way of further example, Defendants' failure to properly reimburse Remote Employee Class Members and Reimbursement Class Members, including Plaintiff, for all of their business expenses allows Defendants to illegal pass on business operational expenses to their employees in order to enrich themselves. Defendants continue with their reimbursement practices today at the expense of the Remote Employee Class Members and Reimbursement Class Members.

181. Furthermore, such skirting of the legal mandates cited herein presents a threat to the general public in that the enforcement of such laws is essential to ensure that all California employers compete equally, and that no California employer receives an unfair competitive advantage at the expense of their employees.

182. Defendants have clearly established a policy of accepting a certain amount of collateral

damage, as represented by the damages to the Class Members herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by their responsible competitors and as set forth in legislation and the judicial record.

183. Defendants' unfair business practices have reaped undue benefits and illegal profits, and unjustly enriched Defendants, at the expense of Plaintiff, other Class Members, and the public. Plaintiff and other Class Members have been personally injured by Defendants' unlawful business acts and practices, as alleged herein, including but not necessarily limited to the loss of money or property.

184. As a result of Defendants' conduct, the Class Members have suffered damages, in an amount to be determined according to proof at trial.

185. Also as a result of Defendants' conduct and pursuant to Business & Professions Code §17200, *et. seq*., Plaintiff and the Class Members are entitled to preliminary and permanent injunctive relief enjoining Defendants from continuing to commit their illegal acts, and for an accounting for and restitution of the monies unlawfully withheld and retained by Defendants and other appropriate relief available under Business and Professions Code §§17200 and 17203.

186. As a further result of Defendants' unlawful and unfair business practices and pursuant to Business & Professions Code §17200, *et. seq*., the Class Members, including Plaintiff, are entitled and do seek are also entitled to disgorgement of illegally acquired profits by Defendants during the period starting four years before the filing of the Complaint through the present.

187. Plaintiff and Class Members are also entitled to and do seek an award of attorneys' fees and costs pursuant to the common fund doctrine, California Code of Civil Procedure §1021.5 and all other applicable laws.

## **ELEVENTH CAUSE OF ACTION**

CIVIL PENALTIES PURSUANT TO LABOR CODE PRIVATE ATTORNEY GENERAL ACT

(California Labor Code §2699)

(Against All Defendants)

188.     Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if the same were fully set forth herein and with the same full force and effect.

189.     Pursuant to Labor Code §558.1, not only Defendants, but any other natural person who is an owner, director, officer, or managing agent of Defendants may be held personally liable for violations of the directives appearing in the wage orders and in various provisions of the Labor Code, including any PAGA claims or penalties. *See Turman v. Superior Court (Koji's Japan Inc.)* (2017) 17 Cal. App. 5th 969, 986; *see also Atempa v Pedrazzani* (2018) 27 Cal. App. 5th 809, 820.

190.     Plaintiff is an "aggrieved employee" under Cal. Lab. Code § 2698 et seq. ("**PAGA**"), as Plaintiff has been employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations herein. As such, Plaintiff seeks to recover, on behalf of himself and all other current and former aggrieved employees of Defendants, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

191.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not required.

192.     On October 12, 2022, Plaintiff gave written notice of Defendants' violations of various provisions of the California Labor Code as alleged in this complaint to the Labor and Workforce Development Agency ("**LWDA**") via the online filing system required by the PAGA statute and with a copy via certified mail to Defendants. The LWDA did not provide notice of its intention to investigate Defendants' alleged violations within sixty-five (65) calendar days of the October 12, 2022, postmark date of the notice sent by Plaintiff. *See* Cal. Lab. Code § 2699.3.

193.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

      i.     Labor Code §§1197, 1197.1, and 1194 for failing to pay at least the minimum wage fixed by the commission for all hours worked and/or the legal overtime compensation applicable to the California Sales Employees;

     ii.     Labor Code §§510 and 558 for failing to pay overtime to the California Sales Employees;

iii.     Labor Code §§551 and 552 for cause their California Sales Employees to work more than six days in seven and not providing one day's rest in each seven (7) day period;

iv.     Labor Code §§246, 246(h), 246(i), 246(l), 246.5, 246.5(b), and 248.5 for failing to comply with California's sick leave laws and for failing to pay California Sales Employees as required by Labor Code §246(l);

v.      Labor Code §1198 for employing California Sales Employees for longer hours than those fixed by under conditions of labor prohibited the labor commission's wage order, which for Defendants' employees are listed in Wage Order 4;

vi.     Labor Code §226.7 and paragraph 12 of Wage Order 4-2001 for failing to authorize and/or permit required rest periods to Plaintiff and other misclassified California Sales Employees;

vii.    Labor Code §226.7(b) and paragraph 11 of Wage Order 4-2001 failing to pay Plaintiff and other misclassified California Sales Employees the additional hour of compensation earned for every shift that a mandated rest period was denied;

viii.   Labor Code §§226.7 and 512 and paragraph 11 of Wage Order 4-2001 for failing to provide required meal periods to Plaintiff and other misclassified California Sales Employees;

ix.     Labor Code §226.7(b) and paragraph 11 of Wage Order 4-2001 failing to pay Plaintiff and other misclassified California Sales Employees the additional hour of compensation earned for every shift that a mandated meal period was denied;

x.      Labor Code §§2800 and 2802 for failing to indemnify their California employees for losses caused by the Defendants' want of ordinary care and failing to indemnify its California employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge

1    of their duties, or of their obedience to the directions of Defendants;

2    xi.    Labor Code §§201, 202, 203 and 204 for failing to pay all wages

3    immediately at the time of separation of employment, or to a California

4    employee who provides at least 72 hours of notice of their intent to quit as

5    well as failing to provide waiting time penalties for those violations;

6    xii.    Labor Code §204(a) for failing to pay all wages earned by any employee

7    between the 1st and 15th days of any calendar month by no later than the

8    26th day of the month during which the labor was performed, and all wages

9    earned between the 16th and last day of the month to be paid by the 10th day

10   of the following month;

11   xiii.    Labor Code §204(b) for failing to pay all wages earned for labor in excess

12   of the normal work period by no later than the payday for the next regular

13   payroll period;

14   xiv.    Labor Code §§226(a) and 226.3 for failing to provide accurate and

15   complete wage statements for each pay period;

16   xv.    Labor Code §§1174 and 1174.5 for failing to keep required payroll records;

17   xvi.    Labor Code §221 for illegally collecting and receiving from its employees

18   any part of wages theretofore paid by Defendants to said employee;

19   xvii.    Labor Code §300 for illegally assigning employee's wages without the

20   assignment being contained in a separate written instrument signed by the

21   individual whom the wages or salary has been earned by and identifying

22   specifically the transaction to which the assignment relates and where the

23   employees is married, failure to obtain written consent of the employee's

24   spouse;

25   xviii.    Labor Code §226(c) for failing to timely provide payroll records within

26   twenty-one (21) calendar days; and

27   xix.    Labor Code §2751 for violations of California's rules for commission

28   plans.

194.     With respect to violations of Labor Code §§1194, 1197 and 1197.1, Labor Code §1197.1 imposes a civil penalty in addition to any other penalty provided by law of one hundred dollars ($100) for initial violations for each underpaid employee for each pay period for which the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and two hundred and fifty dollars ($250) for subsequent violations for each underpaid employee for each pay period for which the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages.  Moreover, Plaintiff seeks civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code §1197.1(a)(3).  Plaintiff also seeks liquidated damages in an amount equal to the unpaid wages owed to aggrieved employees and interest thereon pursuant to Labor Code §1194.2(a).

195.     With respect to violations of Labor Code §§510 and 1198, Labor Code §558 imposes a civil penalty in addition to any other penalty provided by law of fifty dollars ($50) for initial violations for each underpaid employee for each pay period for which the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages, and one hundred dollars ($100) for subsequent violations for each underpaid employee for each pay period for which the aggrieved employee was underpaid in addition to an amount sufficient to recover underpaid wages. Moreover, Plaintiff seeks civil penalties in the amount of unpaid wages owed to aggrieved employees pursuant to Labor Code § 558(a)(3).

196.     With respect to violations of Labor Code §§226.7 and 512, Plaintiff seeks, in addition to any other penalty provided by law, civil penalties in the amount of one additional hour of pay at the aggrieved employee's regular rate of compensation for each work day that the meal or rest period is not provided to Labor Code § 226.7(b).

197.     With respect to violations of Labor Code §§201 to 204, Plaintiff seeks, in addition to any other penalty provided by law, civil penalties in the amount of one day of each aggrieved employee's wages for each calendar day that they remain unpaid, up to a maximum of thirty (30) days, pursuant to Labor Code §203.

198.     With respect to violations of Labor Code §§204(a) and 204(b), Labor Code §210 imposes a civil penalty in addition to any other penalty provided by law of one hundred dollars ($100)

for each initial failure to pay each aggrieved employee, and two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25% of the amount unlawfully withheld.

199. With respect to violations of Labor Code § 226(a), Labor Code §226.3 imposes a civil penalty, in addition to any other penalty provided by law, of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

200. With respect to violations of Labor Code §1174, Labor Code §1174.5 imposes a civil penalty of $500.

201. With respect to violations of Labor Code §226(c), Labor Code §226(f) imposes a civil penalty of $750.00.

202. With respect to violations of Labor Code §246, Labor Code §248.5(e) provides that any person or entity enforcing this article on behalf of the public as provided for under applicable state law shall be entitled to recover "equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs," which are all sought by Plaintiff on behalf of himself and other similarly aggrieved employees.

203. Labor Code § 2699 et seq. imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including, but not limited to, Labor Code §§221, 300, 432, 551, 552, 558, 1174, 2751, 2800, and 2802.

204. Plaintiff reserves his right to allege any additional and all other violations of the Labor Code and the Wage Order as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

205. Plaintiff was compelled to retain the services of counsel to file this court action to protect their interests and those of Defendants' other former and current California Athletic Trainers, and to assess and collect the civil penalties owed by Defendants. Plaintiff has thereby incurred attorneys' fees and costs, which he is entitled to recover under Labor Code §2699.

///

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

1.  Certification of Plaintiffs' claims as a class action, pursuant to Cal. Code of Civ. Pro. §382, on behalf of the proposed class and Class Members;

2.  Naming Plaintiff as representative of all Class Members and Plaintiff's counsel as Class counsel to represent all Class Members;

3.  Class notice to all Class Members;

4.  For an order declaring that Defendants' conduct violate the statutes and laws referenced herein;

5.  For an order finding in favor of Plaintiff and all Class Members on all counts asserted herein;

6.  For general, compensatory, and consequential damages according to proof, including, but not limited to, for lost wages and earnings, and all other sums of money, together with interest on these amounts;

7.  For all liquidated damages and statutory penalties authorized or required by law;

8.  For restitution of all wrongfully withheld amounts, including, but not limited to wages, in an amount according to proof;

9.  Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set for above, and the requiring the establishment of appropriate and effective policies, procedures, and practices in place to prevent future violations of the aforementioned California laws;

10. Disgorgement of illegally acquired profits by Defendant during the period starting four years before the filing of the Complaint through the present pursuant to Business & Professions Code §17200, *et. seq.*;

11. For an award of PAGA penalties as alleged herein;

12. For declaratory relief;

13. For all equitable relief;

14. For pre-judgment and post-judgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment on this matter as required by law, including, but not limited to, Labor Code §§218.6, 1194, and 1194.2;

15. For an award to Plaintiff and the Class Members of their reasonable costs of suit, attorneys' fees, and expert witness fees under all applicable statutory or contractual basis; and

16. For such other and further relief as this Court may deem just and proper.

DATED: March 20, 2023          Respectfully submitted,

**VALLES LAW, P.C.**

By: _____
      Daniel Valles
      Kayla Rathjen

Attorneys for Plaintiff
MATT SEIBERT, ON BEHALF OF HIMSELF,
AND ALL OTHERS SIMILARLY SITUATED

## DEMAND FOR JURY TRIAL

Plaintiff Matt Seibert, on behalf of himself, the Class Members, and all others similar situated, hereby demands a jury trial on all issues so triable.

DATED: March 20, 2023          Respectfully submitted,

**VALLES LAW, P.C.**

By: _____
      Daniel Valles
      Kayla Rathjen

Attorneys for Plaintiff
MATT SEIBERT, ON BEHALF OF HIMSELF,
AND ALL OTHERS SIMILARLY SITUATED

SECOND AMENDED COMPLAINT