Daniel Valles (SBN 269137)
Kayla M. Rathjen (SBN 330046)
**VALLES LAW, P.C**
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, CA 90266
Telephone:   (415) 234-0065
Facsimile:   (510) 369-2075

Attorneys for Plaintiff
MATT SEIBERT, ON BEHALF OF HIMSELF,
AND ALL OTHERS SIMILARLY SITUATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT SEIBERT, an individual on behalf of himself, and all others similarly situated;<br><br>Plaintiff,<br>v.<br><br>SS&C TECHNOLOGIES, INC., a Delaware corporation, INTRALINKS, INC., a Delaware corporation, and DOES 1 to 100, inclusive;<br><br>Defendants. | Case No. 4:23-cv-00279- DMR<br><br>[~~PROPOSED~~] **AMENDED ORDER FOR FINAL JUDGMENT AND DISMISSAL** |

**[PROPOSED] AMENDED ORDER**

It is hereby **ADJUDGED** and **DECREED THAT**:

1. This Court previously granted preliminary approval of the Amended Class Action Settlement Agreement in this consolidated action executed on February 28, 2025 (the "**Settlement Agreement**"). Terms and phrases in this Judgment have the same meanings as used in the Settlement Agreement.

2. The Court hereby conditionally dismisses the Action brought by Plaintiff Matt Seibert against Defendants SS&C Technologies, Inc. and Intralinks, Inc. (the "**Action**") with prejudice, without fees or costs to any party except as provided for in the Court's Order regarding Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff's Enhancement Award ("**Attorneys' Fees, Costs and Enhancement Order**"), the Settlement Agreement, this Order, or any other orders of this Court relating to the Settlement Agreement. This dismissal will become final on March 16, 2026 if, before that date, no objection is received from an appropriate Federal or State official in response to notice of settlement sent pursuant to 28 U.S.C. § 1715 ("CAFA Notice"). CAFA Notices were sent to each of the appropriate Federal and State officials on December 15, 2025. Declaration of Annie H. Chen ¶ 2.

3. This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Class, pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendants SS&C Technologies, Inc. and Intralinks, Inc.

4. The Court certifies, for purpose of the approved settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf the Class, defined as follows:

   a. The Settlement Class is defined as (i) all current and former employees who worked for SS&C Technologies, Inc. or Intralinks, Inc. in the State of California who were eligible to earn commissions at any time between October 21, 2018 through the date of preliminary approval of the Settlement on June 20, 2025[1] ("the **Class Period**") (the "**Commissioned Employees Class**") and (ii)

---

[1] Defendants exercised the option to extend the Class Period through the date of preliminary approval on June 20, 2025.

all current and former employees who worked for SS&C Technologies, Inc. or Intralinks, Inc. in the State of California at any time during the Class Period (the "**California Employees Class**").

  b. Aggrieved Employees are defined as (i) all current and former employees who worked for SS&C Technologies, Inc. or Intralinks, Inc. in the State of California who were eligible to earn commissions at any time between October 12, 2021 through the date of preliminary approval of the Settlement on June 20, 2025 (the **"PAGA Period"**) (the "**Commissioned Aggrieved Employees**") and (ii) all current and former employees who worked for SS&C Technologies, Inc. or Intralinks, Inc. in the State of California at any time during the PAGA Period (the "**California Aggrieved Employees**").

5. No person has submitted a valid, timely request for exclusion from the Class. As a result, pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Class are bound by this Judgment. Additionally, Aggrieved Employees did not have the option to opt out of the PAGA portion of the Settlement. As a result, all Aggrieved Employees are bound by this Judgment.

6. The Court finds and concludes that Plaintiff, as the Class Representative, has standing under Article III of the United States Constitution.

7. The Court finds that the Notice provided to the Class pursuant to the Settlement Agreement and the order granting Preliminary Approval (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Class, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

8. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Class Members under Rule 23(e). The Court has specifically considered the factors relevant to class settlement approval and finds and concludes that:

  a. the Class Representative and Class Counsel have adequately represented the Class;

  b. the Settlement Agreement was negotiated at arms' length and without collusion;

    c. the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing relief to the class; (iii) the terms of fees and expenses proposed by Class Counsel in their accompanying Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff's Enhancement Award; and (iv) the absence of any relevant agreement made in connection with the Settlement; and

    d. the Settlement Agreement treats Class Members equitably relative to each other.

9. The Court has also considered factors including, inter alia, the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and the involvement of a respected mediator in the negotiation of the Settlement; and the reaction of Class Members to the proposed settlement, and finds and concludes that these factors weigh in favor of approving the Settlement. *See Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004).

10. The Court has also scrutinized the Settlement and negotiation history for any signs of potential collusion (*see*, e.g., *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was negotiated by experienced, well-qualified counsel with the help of an experienced mediator; the Settlement provides substantial benefits to Class Members; the benefits provided to Class Members are appropriate under the circumstances of this case; and the parties have made no "clear sailing" arrangement regarding attorneys' fees.

11. Accordingly, the Court directs the Parties to consummate the Settlement Agreement according to its terms.

12. Upon the Effective Date as set forth in the Settlement Agreement, Plaintiff, the Class Members and Aggrieved Employees, and each of them, shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims as set forth in Sections 2.9, 2.27, and 9.1 through 9.4 of the Settlement Agreement against the Released Parties as defined in Section 2.31 of the Settlement Agreement. These releases of claims and

the Settlement Agreement will be binding on Plaintiff, Class Members and Aggrieved Employees. Plaintiff, Class Members and Aggrieved Employees are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims against the Released Parties.

13. Without affecting the finality of this Judgment or the Attorneys' Fees, Costs and Enhancement Order in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement Agreement, this Judgment, and the Attorneys' Fees, Costs and Enhancement Order, and for any other necessary purpose.

The Court hereby conditionally directs entry of this Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement. The judgment is final on March 16, 2026 if no objection is received from an appropriate Federal or State official before that date.

**IT IS SO ORDERED.**

Dated: December 17, 2025

_____
Donna M. Ryu
Chief Magistrate Judge